**Andrew M. Morrow, III, Esq. - State Bar No. 128300**
**Sako Demirjian, Esq. - State Bar No. 348609**
**DOWNTOWN L.A. LAW GROUP**
910 S. Broadway
Los Angeles, CA 90015
Tel: (213) 389-3765
Fax: (877) 389-2775
Email: Sako @downtownlalaw.com

Attorneys for Plaintiffs,

## UNITED STATES DISTRICT COURT

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SERENITY ARAIZA, an individual; RICHARD SAMUELSON, an individual; ASHLEY TURNER, an individual; GAYLE LYNN ZIPP, an individual; JAMIE WINTON, an individual; WILLIAM HENDRAWAN, an individual; CONSUELO GUDINO, an individual; GUADALUPE GUDINO, an individual; GERARDO GUDINO, an individual; LAURA FELIZ, an individual; DEVIN DUMAS, an individual; ALFREDO PRECIADO, an individual; ASMIK TORRES, an individual; JASON KONRAD, an individual; WERNER CAJASDUBON, an individual; VICTORIA KHODRA, an individual; ANGELICA PEREZ, an individual; ALBERT PALOMARES, an individual; BRITTANY LONGNECKER, an individual; SUSAN DONLEY, an individual; LAUREN DEFONTE, an individual; ROBERT | **Case No.:** **COMPLAINT FOR DAMAGES FOR:** **1. PUBLIC NUISANCE** **2. PRIVATE NUISANCE** **3. NEGLIGENCE/GROSS NEGLIGENCE** **DEMAND FOR JURY TRIAL** |

**1**

**COMPLAINT FOR DAMAGES**

DEFONTE, an individual; SEPHORA MALEK, an individual; SHERMAN ARIA, an individual; SHAHIN YOUSEFZADEH, an individual; FARHOUDEH MINAEY, an individual; RAMIN ARIA, an individual; RENE NEGRETE, an individual; CHRISTINA NEGRETE, an individual; ISAAC NEGRETE, an individual; LARRY POTEAT, an individual; TEYONKA POTEAT, an individual; LARRIET POTEAT, an individual; RIVAUGH POTEAT, an individual; MICHAEL POTEAT, an individual; RAY MALVIN JR OLLOWAY, an individual; ROBERT SURLOW, an individual; LINDA HUGHES, an individual; ALBERTO VASQUEZ, an individual; MARICELA SANCHEZ, an individual; ALMA RECINOS, an individual; ANGELINA ESQUIVEL, an individual; ARMANDO SAGUILAN, an individual; DIEGO PEREZ, an individual; DONALD PETOTE, an individual; ELEKTOR MICHIGAN, an individual; GEORGIY POLIVKO, an individual; ILY PENA, an individual; JENNIFER TORO, an individual; PATRICK RICHARDSON, an individual

                    Plaintiffs,

        v.

CHIQUITA CANYON, LLC, a Delaware limited liability corporation; WASTE CONNECTIONS MANAGEMENT SERVICES, INC., a Delaware corporation; WASTE CONNECTIONS US, INC., a Delaware

---

**2**

**COMPLAINT FOR DAMAGES**

corporation; and DOES 1-100, inclusive,

Defendants.

COMES NOW the Plaintiffs, SERENITY ARAIZA, RICHARD SAMUELSON, ASHLEY TURNER, GAYLE LYNN ZIPP, JAMIE WINTON, WILLIAM HENDRAWAN, CONSUELO GUDINO, GUADALUPE GUDINO, GERARDO GUDINO, LAURA FELIZ, DEVIN DUMAS, ALFREDO PRECIADO, ASMIK TORRES, JASON KONRAD, WERNER CAJASDUBON, VICTORIA KHODRA, ANGELICA PEREZ, ALBERT PALOMARES, BRITTANY LONGNECKER, SUSAN DONLEY, LAUREN DEFONTE, ROBERT DEFONTE, SEPHORA MALEK, SHERMAN ARIA, SHAHIN YOUSEFZADEH, FARHOUDEH MINAEY, RAMIN ARIA, RENE NEGRETE, CHRISTINA NEGRETE, ISAAC NEGRETE, LARRY POTEAT, TEYONKA POTEAT, LARRIET POTEAT, RIVAUGH POTEAT, MICHAEL POTEAT, RAY MALVIN JR OLLOWAY, ROBERT SURLOW, LINDA HUGHES, ALBERTO VASQUEZ, MARICELA SANCHEZ, ALMA

**COMPLAINT FOR DAMAGES**

RECINOS, ANGELINA ESQUIVEL, ARMANDO SAGUILAN, DIEGO PEREZ, DONALD PETOTE, ELEKTOR MICHIGAN, GEORGIY POLIVKO, ILY PENA, JENNIFER TORO, PATRICK RICHARDSON, and for causes of action against the Defendants, and each of them, complain and alleges as follows:

1.      The relevant events giving rise to Plaintiffs' claims and the conduct of the Defendants occurred in Los Angeles County, State of California.

2.      At all times relevant, Plaintiffs SERENITY ARAIZA, an individual; RICHARD SAMUELSON, an individual; ASHLEY TURNER, an individual; GAYLE LYNN ZIPP, an individual; JAMIE WINTON, an individual; WILLIAM HENDRAWAN, an individual; CONSUELO GUDINO, an individual; GUADALUPE GUDINO, an individual; GERARDO GUDINO, an individual; LAURA FELIZ, an individual; DEVIN DUMAS, an individual; ALFREDO PRECIADO, an individual; ASMIK TORRES, an individual; JASON KONRAD, an individual; WERNER CAJASDUBON, an individual; VICTORIA KHODRA, an individual; ANGELICA PEREZ, an individual; ALBERT PALOMARES, an individual; BRITTANY LONGNECKER, an individual; SUSAN DONLEY, an individual; LAUREN DEFONTE, an individual; ROBERT DEFONTE, an individual; SEPHORA MALEK, an individual; SHERMAN ARIA, an individual; SHAHIN YOUSEFZADEH, an

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway

individual; FARHOUDEH MINAEY, an individual; RAMIN ARIA, an individual; RENE NEGRETE, an individual; CHRISTINA NEGRETE, an individual; ISAAC NEGRETE, an individual; LARRY POTEAT, an individual; TEYONKA POTEAT, an individual; LARRIET POTEAT, an individual; RIVAUGH POTEAT, an individual; MICHAEL POTEAT, an individual; RAY MALVIN JR OLLOWAY, an individual; ROBERT SURLOW, an individual; LINDA HUGHES, an individual; ALBERTO VASQUEZ, an individual; MARICELA SANCHEZ, an individual; ALMA RECINOS, an individual; ANGELINA ESQUIVEL, an individual; ARMANDO SAGUILAN, an individual; DIEGO PEREZ, an individual; DONALD PETOTE, an individual; ELEKTOR MICHIGAN, an individual; GEORGIY POLIVKO, an individual; ILY PENA, an individual; JENNIFER TORO, an individual; PATRICK RICHARDSON, an individual, were and are citizens of the State of California.

3.     At all times relevant, CHIQUITA CANYON, LLC, a Delaware limited liability company, CHIQUITA CANYON INC., a Delaware corporation; WASTE CONNECTIONS US, INC., a Delaware corporation; and DOES 1-100, inclusive were and are citizens of the State of Delaware.

4.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to

COMPLAINT FOR DAMAGES

Plaintiffs, who therefore, sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings alleged herein and legally caused the injuries and damages alleged below.

5.      At all times herein mentioned, each Defendant was acting in the course and scope of her employment with the other Defendants. Defendants are therefore vicariously liable for the acts of each of the remaining Defendants herein.

6.      In addition, each Defendant was at all times acting as the ostensible agent of the remaining Defendants and was doing so at the behest of and with the approval of those Defendants. At all times herein relevant, Plaintiffs reasonably and without negligence relied on the representations made by the Defendants about the agency and employment of each of the remaining Defendants.

## JURISDICTION AND VENUE IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

7.      Pursuant to 28 U.S.C. § 1332 the parties to the action, Plaintiff on the one hand and all Defendants on the other, are citizens of different states, and the

**COMPLAINT FOR DAMAGES**

amount in controversy exceeds $75,000 placing jurisdiction over the subject matter of the herein action properly with this court.

8.      Venue is proper in the Unted States District Court, Central District of California pursuant to 28 USC 1391(b)(2) because all of the acts and/or omissions complained of occurred in the Central District of California.

## **<u>INTRODUCTION</u>**

9.      Plaintiffs herein are owners and residents of real property in close proximity to Defendant CHIQUITA CANYON LANDFILL (hereafter "Landfill")**.** Plaintiffs bring this action against Defendants Chiquita Canyon, LLC, Waste Connections Management Services, Inc., and Waste Connections US, Inc. (hereinafter "Landfill Defendants"). Defendants own, operate, manage, maintain and control the Landfill which releases poisonous pollutants, air contaminants, water contaminants and noxious odors, all of which have caused and continue to cause injury to Plaintiffs and their property through their continuing negligence, nuisance and trespass.

10.     The Chiquita Canyon Landfill was first approved for a land reclamation project by the Los Angeles County Planning Commission on December 21, 1965.

Downtown L.A. Law Group
910 S. Broadway

**COMPLAINT FOR DAMAGES**

11. The Landfill site lies in extreme proximity to private residences, government buildings, centers of commerce and educational facilities.

12. On March 2, 1977, the Commission approved Conditional Use Permit 1010 for continued operation and maintenance of a waste disposal facility and land reclamation project and related facilities. On November 24, 1982, the Commission approved Conditional Use Permit 1809 for expansion of the existing landfill with Class II and Class III disposal sites. The Board of Supervisors approved Conditional Use Permit 89-081 on May 20, 1997, for continued operation of a Class III landfill, after an appeal of the Commission's approval of Conditional Use Permit 89-081.

13. Conditional Use Permit 89-081 was scheduled to expire on November 24, 2019, or when the landfill reached a waste disposal limit of 23,000,000 tons, whichever occurred first.

14. In or about 1997 the Landfill Defendants signed agreement with the Val Verde Civic Association by which they agreed to close the Landfill no later than 2019.

15. In or about 2014, the Landfill Defendants applied for the current Conditional Use Permit with the County's Department of Regional Planning ("Regional Planning") to continue the operation and expansion of the Landfill.

**COMPLAINT FOR DAMAGES**

The proposed expansion included an additional 400 acres and sought a 100% increase in waste intake. The expansion also required the removal of historic trees in the area.

16.    At the time, the Defendants were also required to map the increased risk of cancer for the surrounding area.

17.    The Landfill Defendants requested that the DOES 1-100 Government Defendants waive County Code Section 22.04.110 to allow the continued operation of the landfill during the pendency of the Conditional Use Permit with the alleged goal to protect the health and safety of the Plaintiffs.

18.    DOES 1-100 Government Defendants granted the requested waiver on March 17, 2016, subject to interim operating conditions. The interim operating conditions purported to ensure that the Landfill Defendants continue to comply with Conditional Use Permit 89-081 conditions, with the exception of the 23,000,000-tonnage limit. Instead, the landfill, under the waiver, could not exceed the 29,400,000- ton-threshold analyzed in the Environmental Impact Report ("EIR") for Conditional Use Permit 89-081. The waiver allowed the Landfill operations to continue on a temporary basis until the earlier of the following: (a) a final action is taken on the Project (withdrawal, approval, or denial); (b) July 31, 2017; or (c) revocation of the waiver by the County.

**COMPLAINT FOR DAMAGES**

19.     In June 2016, the landfill reached and exceeded the 23,000,000 tonnage limit, but it continued to operate because the County had granted the waiver, and associated conditions.

20.     An environmental impact report was prepared which indicated that air quality and greenhouse gas emissions could not be completely mitigated.

21.     A Mitigation Monitoring and Reporting Program was prepared to mitigate Project impacts to geology and hydrology, surface water drainage, biological resources, cultural and paleontological resources, air quality, greenhouse gas emissions, and climate change.

22.     The County claims that with implementation of mitigation measures, environmental impacts to the Project will be reduced to less than significant levels, except for impacts to air quality, greenhouse gas emissions, and climate change.

23.     However, it was and is clear that impacts to air quality and greenhouse gas emissions and climate change could not be mitigated. As a result of those remaining significant unavoidable impacts, CEQA Findings of Fact and a Statement of Overriding Considerations ("CEQA Findings and SOC") were prepared for the Project.

**COMPLAINT FOR DAMAGES**

24.    The community contacted Government Defendants, including the County's Regional Planning office and the Landfill Defendants in writing, by phone, and gave oral testimony expressing serious concerns about the continued operation of the Landfill's impacts to public health, air quality, odors, traffic, and environmental justice issues, biological resources, greenhouse gases. The Val Verde Civic Association also argued that the Landfill Defendants were attempting to breach conditions of the Conditional Use Permit 89-081 conditions, and the 1997 agreement between the Val Verde Civic Association and the Landfill Defendants.

25.    On July 25, 2017, the County approved another conditional use permit allowing the Defendant's to expand and operate for another 30 years. The expansion included increasing the waste footprint from 257 acres to 400 acres, increasing the maximum elevation from 1,430 to 1,573 feet and increasing the daily disposal limits from 6,000 tons per day to 12,000 tons per day.

26.    Section 12 of the Conditional Use Permit required that the Landfill operate in compliance with conditions and all applicable laws, statutes and ordinances. Failure to comply with any conditions or applicable laws, statutes and ordinances were clearly stated to violate the Conditional Use Permit.

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway

27.     Under Section 15 of the Conditional Use Permit, Regional Planning can order cessation of the Conditional Use Permit if it is determined that it is necessary for the health, safety, and/or welfare of the County's residents or the environment.

28.     Under Section 20 of the Conditional Use Permit any person violating a provision of this Permit would be guilty of a misdemeanor, pursuant to Section 22.60.340 of the County Code. Authority was also granted to revoke or modify this Permit if the Commission or Hearing Officer finds that the conditions have been violated, or that this grant has been exercised so as to be detrimental to the public's health or safety, or so as to be a nuisance, or as otherwise authorized pursuant to Chapter 22.56, Part 13, of the County Code.

29.     Multiple sections of the current Conditional Use Permit make it clear that the facility is not in compliance with the Permit if the Landfill allows odors to become a nuisance in adjacent residential and business areas.

30.     Under Sections 63-65 of the Conditional Use Permit the Landfill is required not to be a nuisance to the community and to comply with South Coast Air Quality Management District's requirements.

**COMPLAINT FOR DAMAGES**

31.     Regional Planning can order cessation of the Conditional Use Permit if it is determined that it is necessary for the health, safety, and/or welfare of the County's residents or the environment.

32.     The South Coast Air Quality Management District (South Coast AQMD) is under a legal obligation to enforce air pollution regulations. These regulations are primarily meant to ensure that the surrounding (or ambient) air meets federal and state air quality standards.

33.     On or about February 27, 2023, the South Coast Air Quality Management District issued the Landfill Defendants a Notice of Violation under 42400(a) for failing to provide laboratory analysis and Draeger tube reading for landfill gas from the preceding twelve months in an Excel spreadsheet as required.

34.      On or about April 6, 2023, the South Coast Air Quality Management District issued the Landfill Defendants a Notice of Violation under 1150.1(d)(3) for failure to operate the gas collection and control systems so that there are not leaks that exceed 500 ppmv TOC measured as methane at any component under positive pressure.

35.     The South Coast Air Quality Management District is responsible for taking reports of nuisance, confirming these reports and issuing Notices of Violation where there is a violation of the law.

**COMPLAINT FOR DAMAGES**

36.     Under Rule 402 – Nuisance, "A person shall not discharge from any source whatsoever such quantities of air contaminants or other material which cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to the public, or which endanger the comfort, repose, health or safety of any such persons or the public, or which cause, or have a natural tendency to cause, injury or damage to business or property.

37.     Pursuant to the South Coast Air Quality Management District's policies and practices to establish a violation of Rule 402, the agency must receive three calls to their hotline, 800 CUT SMOG, within an hour to dispatch an investigator. If an investigator then is able to confirm the complaint with the members of the public who complained and the source of the complaint and at least 6 complaints can be verified in a 24-hour period, then a Notice of Violation is issued.

38.     On May 17, 2023, the South Coast Air Quality Management District issued the first Notice of Violation against Chiquita Canyon for public nuisance in violation of the agency's Rule 402 and California Health & Safety Code Section 41700.

**COMPLAINT FOR DAMAGES**

39.     In May, South Coast Air Quality Management District began receiving hundreds of odor complaints that Agency investigators traced back to the landfill.

40.     As a result of its investigation, South Coast Air Quality Management District found that the landfill was experiencing elevated levels of sulfur, specifically dimethyl sulfide, in its landfill gas—which its gas treatment system is not designed to remove. The underlying cause has been found to be caused by a subsurface chemical reaction.

41.     On May 18, 2023, June 25, 2023, June 27, 2023, June 28, 2023, June 29, 2023, June 30, 2023, July 2, 2023, July 3, 2023, July 7, 2023, July 10, 2023, July 11, 2023, July 13, 2023, July 15, 2023, July 16, 2023, July 17, 2023, July 18, 2023, July 19, 2023, July 20, 2023, July 21, 2023, July 22, 2023, July 23, 2023, July 24, 2023, July 26, 2023, July 27, 2023, July 28, 2023, July 29, 2023, July 30, 2023, July 31, 2023, August 1, 2023, August 2, 2023, August 3, 2023, August 4, 2023, August 5, 2023, August 6, 2023, August 7, 2023, August 9, 2023, August 10, 2023, August 11, 2023, August 12, 2023, August 13, 2023, August 14, 2023, August 15, 2023, August 16, 2023, August 17, 2023, August 18, 2023, August 19, 2023, August 21, 2023, and August 23, 2023 the South Coast Air Quality Management District issued the Landfill Defendant's Notices of Violation under Rule 402 and other Agency Rules.

COMPLAINT FOR DAMAGES

42.     On August 15, 2023 South Coast AQMD reported receiving more than 1,200 odor complaints coming from Val Verde, Hasley Canyon, Hasley Hills, Hillcrest, Williams Ranch and Live Oak.

43.     August 18, 2023, the County's Department of Regional Planning issued a Notice of Violation of the Conditional Use Permit, specifically condition 12.

## FIRST CAUSE OF ACTION

### PUBLIC NUISANCE

### (Against All Defendants)

44.     Plaintiffs incorporate each and every allegation above as though fully set forth herein.

45.     The noxious odors, pollutants, and air contaminants which entered Plaintiffs' property originated from the Landfill constructed, maintained and/or operated by Defendants.

46.     The odors, pollutants and air contaminants invading Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to interfere with the comfortable enjoyment of life and/or property, including in but not limited to the following ways: causing Plaintiffs to remain inside their homes and forego the use of their yards; causing

**COMPLAINT FOR DAMAGES**

Plaintiffs members to keep doors and windows closed when weather conditions otherwise would not so require; causing Plaintiffs embarrassment and reluctance to invite guests to their homes, and negatively impacting Plaintiffs' asset values.

47.    Defendant owed and continues to owe a duty to Plaintiffs to take positive action to prevent and/or abate the interference with the public interest and/or the invasion of the private interests of the Plaintiffs.

48.    By constructing, expanding, and then failing to repair and/or maintain its facility reasonably, Defendants have negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

49.    As a foreseeable, direct, and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered personal injuries and damages to their property as alleged herein.

50.    The injuries and damages suffered by Plaintiffs are specially injurious to themselves as compared with the general public.

51.    Plaintiffs did not consent for noxious odors, pollutants, dust, debris, and air contaminants to enter and settle upon their land and property.

**COMPLAINT FOR DAMAGES**

52.     By causing noxious odors, pollutants, and air contaminants produced and controlled by Defendants to physically invade Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs comfortable use and enjoyment of their property.

53.     The rain fall drenched decomposing garbage and created an ideal environment for the breeding of bacteria that release methane and smelly hydrogen sulfide.

54.     The scorching temperatures within Landfill have caused pressure to build inside the 639-acre facility and forced contaminated water to burst onto the surface.

55.     Defendants' substantial and unreasonable interference with Plaintiffs' use, and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive, and punitive relief. Such Defendants' actions were; and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages, injunctive relief, and reasonable attorneys' fees pursuant to Code of Civil Procedures § 1021.5 and otherwise.

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway

# SECOND CAUSE OF ACTION

## PRIVATE NUISANCE

### (Against All Defendants)

56.     Plaintiffs restate the allegations set forth in the preceding paragraphs.

57.     The noxious odors, pollutants, and air contaminants which entered Plaintiffs' property originated from the Landfill constructed, maintained and/or operated by Defendants.

58.     The odors, pollutants and air contaminants invading Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to interfere with the comfortable enjoyment of life and/or property, including in but not limited to the following ways: causing Plaintiffs to remain inside their homes and forego the use of their yards; causing Plaintiffs to keep doors and windows closed when weather conditions otherwise would not so require, causing Plaintiffs members embarrassment and reluctance to invite guests to their homes, and negatively impacting Plaintiffs' asset values.

59.     Defendant owed and continues to owe a duty to Plaintiffs to take positive action to prevent and/or abate the interference with the public interest and/or the invasion of the private interests of the Plaintiffs.

**COMPLAINT FOR DAMAGES**

60.     By constructing, expanding and then failing to repair and/or maintain its facility reasonably, Defendants have negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

61.     As a foreseeable, direct, and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered personal injuries and damages to their property as alleged herein.

62.      The injuries and damages suffered by Plaintiffs are specially injurious to themselves as compared with the general public.

63.     Plaintiffs did not consent for noxious odors, pollutants, dust, debris, and air contaminants to enter and settle upon their land and property.

64.     By causing noxious odors, pollutants, and air contaminants produced and controlled by Defendants to physically invade Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' comfortable use and enjoyment of their property.

65.     Defendants' substantial and unreasonable interference with Plaintiffs' use, and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance,

**COMPLAINT FOR DAMAGES**

including compensatory, exemplary, injunctive, and punitive relief such

Defendants' actions were, and continue to be, intentional, willful, malicious and

made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs

to compensatory and punitive damages, injunctive relief, and reasonable

attorneys' fees pursuant to Code of Civil Procedures § 1021.5 and otherwise.

### THIRD CAUSE OF ACTION

NEGLIGENCE/GROSS NEGLIGENCE

(Against All Defendants)

66.     Plaintiffs restate the allegations set forth in the preceding paragraphs.

67.     Defendants negligently and improperly constructed, maintained and/or

operated the Landfill in that the Landfill caused the emission of noxious odors,

pollutants, and air contaminants onto Plaintiffs' homes, land, and property.

68.     As a direct and proximate result of Defendants' negligence and gross

negligence in constructing, maintaining and/or operating the Landfill, Plaintiffs'

property, on occasions too numerous to mention, was invaded by noxious

odors, pollutants, and air contaminants.

**COMPLAINT FOR DAMAGES**

69.    As further direct and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered damages to themselves and their property as alleged herein.

70.    The invasion and subsequent damages suffered by the Plaintiffs were reasonably foreseeable by Defendant.

71.    By failing to properly construct, maintain and/or operate its Landfill, Defendants failed to exercise ordinary care and diligence so that noxious odors, pollutants, noise, dust, debris, and air contaminants would not invade Plaintiffs' property.

72.    As a direct and proximate result of the failure of Defendant to exercise ordinary care,

Plaintiffs' residence was invaded by noxious odors, pollutants, and invasion of the private interests of the Plaintiffs.

73.    As a foreseeable, direct, and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered personal injuries and damage to their property as alleged herein.

74.     Plaintiffs did not consent for noxious odors, pollutants, dust, debris, and air contaminants to enter and settle upon their land and property for them to breathe and ingest.

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway

75.     By causing noxious odors, pollutants, and air contaminants produced and controlled by Defendants to intrude upon Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' right to exclusive possession of their property.

76.     Defendants' substantial and unreasonable interference with Plaintiffs use, and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive, and punitive relief such Defendants' actions were; and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages, injunctive relief, and reasonable attorneys' fees pursuant to Code of Civil Procedures § 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     For loss of earnings, medical expenses, damage to property and diminution of property value and all incidental economic losses according to proof;

2.     For general damages according to proof as to Plaintiffs;

**COMPLAINT FOR DAMAGES**

3.    For interest from the date of accident to the time of judgment;

4.    For costs of suits incurred herein;

5.    For attorney's fees pursuant to Code of Civil Procedure section 1021.5;

5.    For exemplary or punitive damages; and

6.    For such other and further relief as the Court deems proper.


DATED:  May 31, 2024                    **DOWNTOWN L.A. LAW GROUP**



                                        Andrew M. Morrow, III, Esq.
                                        Sako Demirjian, Esq.
                                        Attorneys for Plaintiffs




### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury of all issues so triable.

DATED:  May 31, 2024                    **DOWNTOWN L.A. LAW GROUP**



                                        Andrew M. Morrow, III, Esq.
                                        Sako Demirjian, Esq.
                                        Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**